UNITED STATES of America, Plaintiff,

v.

James C. WINSTEAD et al., Defendants.

No. 76C2513.

United States District Court,
N. D. Illinois, E. D.

July 13, 1976.

Samuel K. Skinner, U. S. Atty., Chicago, Ill., for plaintiff.

Sam F. Adam, Howard D. Geter, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

FLAUM, District Judge:

Before the court is the plaintiff's motion for a temporary restraining order brought pursuant to 18 U.S.C. § 1964 which empowers the district court "to prevent and restrain" violations of 18 U.S.C. § 1962. The complaint in the instant action alleges that defendants have operated and are operating a gambling organization or policy wheel in violation of 18 U.S.C. § 1962 which provides:

(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct or such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section.

The threshold question before the court is a jurisdictional one, requiring a

determination of whether section 1962 is directed to protecting those enterprises which are legitimate businesses from infiltration by racketeers or to prohibiting racketeering itself in unlawful enterprises such as the policy wheel allegedly operated by the defendants. In this circuit the issue has been resolved in *United States v. Cappetto,* 502 F.2d 1351 (7th Cir. 1974) wherein the court expressly noted that "There is nothing in the language of subsection (b) or (c) [of section 1962] or in the definition section of the Act . . . to suggest that the enterprise must be a legitimate one. Congress' intention to include an illegal gambling business in the categories of "racketeering activity" and "enterprise" appears not only from the language of the statute but from the Senate Committee Report . . . ." 502 F.2d at 1358. *But see United States v. Moeller,* 402 F.Supp. 49 (D.Conn.1975). Recognizing this binding authority, the defendants have argued that *Cappetto* is factually distinguishable from the instant case as the illegal gambling operation enjoined in *Cappetto* was connected to a legitimate business, the Western Avenue Billiard Hall. 502 F.2d at 1354. This premise cannot be reconciled with the clear language of *Cappetto* and the court's unequivocal finding that "enterprise" in section 1962 is not restricted solely to legitimate business. Accordingly, the court finds that jurisdiction pursuant to section 1964 may be invoked to prevent or restrain allegedly illegal enterprises not otherwise connected with legitimate business.

The equitable relief sought by the plaintiff is available in this district, but the availability of that remedy does not render the propriety of the injunctive relief a foregone conclusion. As the Seventh Circuit noted in *Cappetto,* "Whether equitable relief is appropriate depends . . . on whether a preponderance of the evidence shows a likelihood that the defendants will commit wrongful acts in the future." 502 F.2d at 1358. The court in *Cappetto* indicated that the likelihood of continued violations of section 1962 may be established by inferences drawn from past conduct. Where continuous gambling activity "to the

date of the filing of the complaint" is alleged and, as in *Cappetto,* is taken as true that inference may be justified. 502 F.2d at 1354. However, the testimony taken and the exhibits admitted at the evidentiary hearing in this matter afford this court an opportunity to evaluate the propriety of that inference as to the conduct of these defendants. The facts before the court indicate that surveillance agents observed considerable gambling activity by the named defendants in January of 1976, over six months ago. [Agent Adams' affidavit; Agent Brown's testimony; Plaintiff's Complaint for Injunction, ¶¶ 32, 33, 34, 35, 36, and 37]. The supplemental affidavit of Agent Brown indicates that two of the named defendants were observed to be in possession of certain gambling paraphernalia on July 9, 1976, however, there is no indication that the paraphernalia was connected with the policy wheel sought to be enjoined in this action. The plaintiff has also submitted recent arrest records of four of the named defendants charging them with possession of gambling paraphernalia. Again, there is no indication that the paraphernalia was connected with the policy wheel sought to be enjoined in this action. This evidence and the factual content of the plaintiff's complaint do not support the general allegation that the illegal gambling activities continue to the date of filing of the complaint. (Plaintiff's Complaint for Injunction ¶ 31). The appellate decision in *Cappetto* was governed in large part by the allegations of the complaint which were taken as true in the district court judgment. In the absence of contradictory evidence, an allegation of continued illegal activity may give rise to the inference that injunctive relief is proper because the illegal activity will not terminate independently. In the instant action, the evidence and the factual allegations of the plaintiff's complaint indicating illegal gambling activity over six months ago are not sufficient to support the inference of continued existence of the particular policy wheel or the participation of the named defendants in the policy wheel sought to be enjoined. The facts

before the court cannot support a finding of likelihood that the named defendants will continue to participate in the policy wheel sought to be enjoined, thus under the *Cappetto* standard emergency injunctive relief is not appropriate.

Accordingly, the motion for a temporary restraining order is DENIED at this time.